IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS BART ELLIS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> A. NAVARRO, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 07-5126 SBA (pr) <br><br> **ORDER OF SERVICE AND ADDRESSING PENDING MOTION** <br><br> (Docket no. 14) |

Plaintiff Nicholas Bart Ellis, a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP), filed a civil action in state court asserting violations of his federal constitutional rights against Defendants PBSP Sergeant A. Navarro, Correctional Officers F. Juarez and B. Gardner, as well as Appeals Coordinator C. E. Wilbur.

Venue is proper because a substantial part of the events giving rise to the action occurred at PBSP in Crescent City, California, which is located in this judicial district. See 28 U.S.C. § 1391(b).

Plaintiff brought this action initially as Case No. 07-2484 SBA (PR). That action was dismissed for failure to exhaust administrative remedies. Plaintiff once again presents substantially the same claims and admits that he has not exhausted his administrative remedies. However, Plaintiff asserts that his administrative grievances have gone unanswered and that prison officials refuse to process them. The Court concludes that Plaintiff need not exhaust his administrative remedies as he has asserted that prison officials have failed to respond to his administrative grievances in a timely manner.

Before the Court is Plaintiff's "Request for Process of Service of Summons" (docket no. 14). Plaintiff's request is GRANTED. Defendants shall respond to the allegations in the complaint as set forth below. The Court now reviews the claims raised in Plaintiff's complaint.

**STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## DISCUSSION

### I. Background

The following facts are derived from the allegations in Plaintiff's complaint, which are taken as true and construed in the light most favorable to Plaintiff for purposes of the Court's initial review of the complaint. See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995).

On August 14, 2006, Plaintiff "had a physical altercation provoked by C/O J. Williams" during which he was "sprayed with oleorsin [sic] capsicum (MK-9) . . . ." (Compl. at 4.) Plaintiff was decontaminated and examined for possible injuries. Plaintiff was then escorted to the administrative segregation unit by Defendants Navarro, Juarez and Gardner, "when Plaintiff was assaulted by said defendants in retaliation for the physical altercation Plaintiff had with correctional officer J. Williams moment's [sic] earlier." (Id.) Plaintiff was "hand-cuffed in mechanical restraints and shackled with leg restraints," he was escorted by Defendants Navarro, Juarez and Gardner "to a secluded area of the prison, between the B-facility and administrative segregation housing units." (Id. at 4-5.) Defendant Juarez

> punched Plaintiff in the face a few times, when defendant B. Gardner grabbed Plaintiff's hair while kicking Plaintiffs [sic] legs from under him, causing Plaintiff to land on his face on the concrete asphalt roadway, while defendant A. Navarro held Plaintiff on the ground and punched him afew [sic] times in the back.
>
> Defendant F. Juarez then began to repeatedly slam his knee into the left side of Plaintiff's face, while grabbing the Plaintiff's hair and then proceeded [to] slam[] Plaintiff's head in to the concret [sic] asphalt by pulling Plaintiffs [sic] hair and repeatedly slamming his face on the asphalt. While defendants B. Gardner and Sergeant A. Navarro punched Plaintiff, while commenting "This is what happens when you mess with us."

(Id. at 5.)

Plaintiff claims that after the assault he was "semi-unconcious [sic] and was later transferred to 'Sutter Coast Hospital' (outside facility) for a medical evaluation and treatment." (Id.) He alleges that he received the following injuries: "1) a skull fractor [sic], lower left eye orbit; 2) a broken nose; 3) swelling extremities to the left eyeball, forehead, cheek, nose, lips, ear; and [4)] four . . . areas of lacerations to the right side of the facial areas, foreheads, frontal and side areas . . . ." (Id. at 5-6.)

Plaintiff claims that he filed administrative grievances relating to this incident; however Defendant Wilber "obstructed Plaintiff from exhausting his administrative remedies in an attempt to protect prison officials (the defendants) from being sued . . . ." (Id. at 6.)

Plaintiff seeks compensatory and punitive damages.

## II. Legal Claims

### A. Eighth Amendment

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by prison guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Based on his allegations, the Court is unable to say that Plaintiff can prove no set of facts which would entitle him to relief in support of his claims of the malicious and sadistic use of force. Accordingly, the Court finds cognizable Plaintiff's Eighth Amendment claim against Defendants Navarro, Juarez and Gardner.

### B. First Amendment

Plaintiff claims that his First Amendment rights were violated by Defendant Wilber for attempting to stifle Plaintiff's administrative grievances related to the August 14, 2006 incident. (Compl. at 7.) Liberally construed, Plaintiff's claim for a violation of his First Amendment right of access to the courts is cognizable. See Lewis v. Casey, 518 U.S. 343, 350 (1996).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Court finds cognizable Plaintiff's Eighth Amendment claim against Defendants

3

Navarro, Juarez and Gardner.

2. The Court finds cognizable Plaintiff's First Amendment claim against Defendant Wilber based on the denial of access to the courts.

3. Plaintiff's "Request for Process of Service of Summons" (docket no. 14) is GRANTED. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of: (1) the complaint and all attachments thereto (docket no. 1) and (2) this Order upon: **PBSP Sergeant A. Navarro, Correctional Officers F. Juarez and B. Gardner, as well as Appeals Coordinator  C. E. Wilbur**. The Clerk shall also mail copies of these documents to the California State Attorney General's Office. Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

4. In order to expedite the resolution of this case, the Court orders as follows:

 a. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

 b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **forty-five (45) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in

> declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

       c.      If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

       d.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

    6.      All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

    7.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

9. This Order terminates Docket no. 14.

IT IS SO ORDERED.

DATED: September 30, 2009

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Ellis5126.service&pendMOT.frm

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS BART ELLIS,

        Plaintiff,

  v.

SERGEANT A. NAVARRO et al,

        Defendant.
                                      /

Case Number: CV07-05126 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 5, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nicholas Bart Ellis K-16024
Pelcian Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: October 5, 2009

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Ellis5126.service&pendMOT.frm