UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NICHOLAS BART ELLIS,<br><br>  Plaintiff,<br><br>vs.<br><br>SERGEANT A. NAVARRO;<br>CORRECTIONAL OFFICER F. JUAREZ;<br>CORRECTIONAL OFFICER B. GARDNER;<br>APPEALS COORDINATOR C.E. WILBER,<br><br>  Defendants. | Case No: C 07-05126 SBA (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket 30 |

Plaintiff Nicholas Bart Ellis, an inmate at Pelican Bay State Prison ("PBSP"), brings the instant action under 42 U.S.C. § 1983 against several PBSP prison guards for excessive force. The parties are presently before the Court on Defendants' unenumerated motion to dismiss for failure to exhaust administrative remedies, pursuant to Federal Rule of Civil Procedure 12(b). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. R. 7-1(b).

I.  **BACKGROUND**

  A.  **OVERVIEW OF THE EXHAUSTION REQUIREMENT**

    1.  **The Prison Litigation Reform Act of 1995**

Under the Prison Litigation Reform Act of 1995, prisoners seeking relief under § 1983 must first exhaust all available administrative remedies prior to bringing suit. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 84 (2006). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

**1** wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). In order to exhaust administrative
**2** remedies, the prisoner must comply with all of the prison system's procedural rules so that
**3** the agency addresses the issues on the merits. Woodford, 548 U.S. at 89-96. Thus,
**4** exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at
**5** 90. Substantively, the prisoner must submit a complaint which affords prison officials a
**6** full and fair opportunity to address the prisoner's claims. Id. at 90, 93.
**7**      A federal court may nonetheless excuse a prisoner's failure to exhaust if the prisoner
**8** takes "reasonable and appropriate steps" to exhaust administrative remedies but prison
**9** officials render administrative relief "effectively unavailable." See Sapp v. Kimbrell, 623
**10** F.3d 813, 823 (9th Cir. 2010) ("improper screening of an inmate's administrative
**11** grievances renders administrative remedies 'effectively unavailable' such that exhaustion is
**12** not required under the PLRA."); Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)
**13** (excusing prisoner's failure to timely appeal which resulted from a mistake by the warden);
**14** Dole v. Chandler, 438 F.3d 804, 811 (7th Cir. 2006) ("Because Dole properly followed
**15** procedure and prison officials were responsible for the mishandling of his grievance, it
**16** cannot be said that Dole failed to exhaust his remedies.").

**17**           **2.     California's Administrative Appeals Process**
**18**      A prison inmate in California satisfies the administrative exhaustion requirement by
**19** following the procedures set forth in sections 3084.1-3084.7 of Title 15 of the California
**20** Code of Regulations. Irvin v. Zamora, 161 F. Supp. 2d 1125, 1129 (S.D. Cal. 2001).
**21** Under the 2006 version of the applicable regulations, inmates "may appeal any
**22** departmental decision, action, condition, or policy which they can demonstrate as having an
**23** adverse effect upon their welfare." 15 Cal. Code Regs. § 3084.1(a) (2006). The
**24** regulations require the prisoner to proceed through four levels of appeal: (1) informal
**25** resolution; (2) formal appeal; (3) second level appeal to institution head; and (4) third level
**26** appeal to the director of the California Department of Corrections and Rehabilitation. In
**27** cases such as the present which involve alleged misconduct by an officer, the informal level
**28** is waived. Id. § 3084.5(a)(3)(G). A decision at the third formal level—also called the

1   "Director's Level"—is not appealable and concludes a prisoner's departmental
2   administrative remedy.  Id. §§ 3084.1(a), 3084.5(e)(2).  Departmental appeals coordinators
3   may summarily reject a prisoner's untimely administrative appeal.  Id. §§ 3084.3(c)(6),
4   3084.6(c).

### B. FACTUAL SUMMARY

This action arises from an incident which occurred on August 14, 2006, while Plaintiff was being transported from PBSP's "B Facility" housing unit to the administrative segregation housing unit.  Ellis Decl. ¶ 3, Dkt. 36.  Plaintiff was being sent to segregation due to an incident earlier in the day involving two other guards.  Id. ¶ 4.  While handcuffed, shackled and naked, Plaintiff allegedly was beaten by PBSP Correctional Officers Anthony Navarro, Frederick Juarez and Brian Gardner severely in retaliation for that incident.  Id. ¶¶ 6-10.  Plaintiff suffered serious injuries to his face and body, including a left orbital "blowout" fracture.  Id. ¶ 12.  Due to the severity of the beating, Plaintiff was hospitalized from August 14 to 18, 2006, at the Sutter Coast Hospital in Crescent City, California.  Id. ¶ 13.

On August 28, 2006, Plaintiff returned to PBSP and was placed in the prison's infirmary for an extended period of time.  Id. ¶ 14.  While in the infirmary, Plaintiff began preparing an "Inmate/Parolee Appeal Form" (commonly referred to as a "Form 602" in reference to the California Department of Correction's ("CDC") form designation) to complain about the August 14 attack.  Id. ¶ 16.  He completed the appeal form on August 28, 2006, and placed it in CDC Form 805 Intra-department Envelope which he addressed to the "Appeals Coordinator, PBSP."  Id. ¶¶ 18, 26.  Plaintiff gave the envelope to the correctional officer responsible for collecting mail from his cell, and told him that "the envelope needed to go to the Appeals Coordinator at Pelican Bay."  Id. ¶ 26.

Plaintiff heard nothing in response to his appeal until November 2, 2006, when he received a letter, dated October 27, 2006, from "N. Grannis," the Chief of the Inmate Appeals Branch of the CDC in Sacramento.  Id. ¶ 27 & Ex. C.  The letter stated that the Inmate Appeals Branch only provides Director's Level Review of inmate appeals, and that

1  plaintiff must first present his appeal through the second level of administrative review.  Id.
2  The letter enclosed the Form 602 which Plaintiff had sent to the Appeals Director on
3  August 28, 2006.  Id. ¶ 28.  Plaintiff then resubmitted his Form 602 to the PBSP Appeals
4  Coordinator on November 4, 2006.  Id. ¶ 29.  However, his appeal was rejected on the
5  ground that it untimely, since it had been submitted more than fifteen days after the August
6  14, 2006 incident.  Id. ¶ 30 & Ex. D.  On November 21, 2006, Plaintiff submitted a new
7  appeal to the Appeals Coordinator, challenging the rejection of his appeal.  Id. ¶ 31.
8  Plaintiff never received a response to his second appeal.  Id.

### C. PROCEDURAL HISTORY

Plaintiff, acting pro se, filed the instant action on October 5, 2007, alleging that his constitutional rights under the Eighth Amendment were violated by Defendants' alleged use of excessive force.  As Defendants, Plaintiff has named Sgt. Navarro, Correctional Officers Juarez and Gardner, and Appeals Coordinator Chris Wilber.[1]  Pursuant to the Court's scheduling order, Defendants filed a dispositive motion under Rule 12(b).  Dkt. 30. In their motion, Defendants contend that Plaintiff failed to exhaust his administrative remedies by submitting his appeal through each of the three levels of review.  They argue that Plaintiff submitted his original Form 602 appeal directly to the third level of review in an attempt to circumvent the appeal process.

After Defendants filed their motion, the Court appointed Thomas Loran and Marc Axelbaum of Pillsbury Winthrop Shaw Pittman LLP as counsel for Plaintiff.  Dkt. 33. Through counsel, Plaintiff filed an opposition to the motion and a supporting declaration. Dkt. 35- 36.  In turn, Defendants filed a reply along with the two reply declarations; one from Defendant Wilber, and the other by Diane Larson, an Office Technician in the Inmate Appeals Division at PBSP.  Dkt. 38-40.  The matter has been fully briefed and is ripe for determination.

---

[1] The parties have submitted a stipulated request to dismiss Defendant Wilber.  Dkt. 34.

## II. LEGAL STANDARD

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly brought as unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record. Id. at 1120 n.14. Nonexhaustion is an affirmative defense which must be raised and proved by the defendants. Id. at 1119. If the court concludes administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. Id. at 1120.

## III. DISCUSSION

Defendants contend that Plaintiff did not submit his first level appeal to the Appeals Coordinator until November 4, 2006, fifty-nine business days after his injury. Defs.' Mot. at 4, 6. However, the record presented shows on August 28, 2006—within fifteen business days of his injury—Plaintiff timely submitted a Form 602 appeal to prison officials. In his declaration, Plaintiff states that on that date, he "gave the envelope [containing his completed Form 602] to the guard who was collecting mail that day," and informed him "that the envelope needed to go to the Appeals Coordinator at Pelican Bay." Id. ¶¶ 16-17, 26. Over a month later on or about October 27, 2006, the Inmate Appeals Branch (which provides for Director Level review) rejected Plaintiff's appeal on the ground that he had not properly exhausted the grievance process at the first and second level. Id. ¶ 27 & Ex. C. By the time Plaintiff received this rejection letter, however, his deadline to submit a Form 602 had lapsed; as a result, Plaintiff's subsequent submissions of his Form 602 were rejected as untimely. See Ellis Decl. ¶¶ 30, 31.

Defendants counter that the PBSP's Appeals Coordinator has no record of having received a Form 602 from Plaintiff prior to November 4, 2006, and that Plaintiff's allegation that he timely submitted his initial appeal to the Appeals Coordinator is false.

1 Defs.' Reply at 6.  In support of this contention, Defendants accompany their reply brief
2 with the declaration of Diane Larson, attached to which is what is purported to be a copy of
3 a "Statistics Sheet" from the Inmate Appeals Tracking System.  Larson Reply Decl. ¶¶ 2-4
4 & Ex. A, Dkt. 39.  This sheet appears to be a log containing a list of Plaintiff's grievances,
5 including the date the grievance was received and its resolution.  Id. Ex. A; see also Wilber
6 Decl. ¶ 10 & Ex. D, Dkt. 32.  According to Defendants, their records do not reflect that the
7 Inmate Appeals Division received any Form 602 within fifteen business days of the August
8 14, 2006 incident.  Defs.' Reply at 6.
9       That Defendants have no record that PBSP's Inmate Appeals Division received
10 Plaintiff's Form 602 in August 2006, at most, corroborates their claim of non-receipt.  It
11 does *not*, however, prove that Plaintiff failed to timely and properly seek to submit his
12 Form 602 appeal to the Appeal Coordinator in the first instance.  Nor does it prove the
13 falsity of Plaintiff's statements in his declaration.  "If prison staff have disregarded or lost
14 plaintiff's appeal, as plaintiff claims, then there would be no record of plaintiff's appeal in
15 the databases on which defendants rely."  Sutherland v. Herrmann, CIV S-09-2391 WBS
16 DAD P, 2010 WL 2303206, at *5 (E.D. Cal. June 7, 2010); accord Roberts v. Salano, No.
17 1:08-cv-00162-LJO-GSA PC, 2009 WL 1514440, at *2 (E.D. Cal. May 27, 2009) ("The
18 absence of evidence that an appeal was officially filed at the institutional level may indicate
19 Plaintiff never filed the appeal, but it may also indicate that the appeal was discarded or
20 ignored by staff, as Plaintiff contends."); accord Bush v. Baca, No. CV 08-1217-SJO
21 (PJW), 2010 WL 4718512, at *3 n.7 (C.D. Cal. Sept. 3, 2010) (finding that "[t]he fact that
22 the jail has no record of ever having received the complaint is of no moment. …. Assuming
23 instead that Plaintiff never filed one and his declaration that he did is untrue, as Defendants'
24 seem to imply in their briefs, this is a factual issue that can only be resolved by a jury.");
25 Spence v. Director of Corr., No. CIV S-05-0690 GEB KJM PC, 2007 WL 61006, at *3
26 (E.D. Cal. Jan. 8, 2007) (noting that if prison officials "are interfering with inmates' ability
27 to properly file their 602s, then there will be no official record of the 602s having been
28 'accepted.'").  Although the Court is empowered to resolve factual disputes on an

- 6 -

unenumerated Rule 12(b) motion based on failure to exhaust under the PLRA, the record presented is too inclusive to support Defendants' contention that Plaintiff failed to exhaust his administrative remedies.

## IV.    CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is DENIED.

2. The parties' stipulated request to dismiss Chris Wilber as a Defendant is GRANTED.

3. The parties, through their counsel of record, shall appear for a telephonic Case Management Conference on **March 31, 2011 at 3:30 p.m.**  The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than five (5) days prior to the Case Management Conference.  The joint statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  Plaintiff shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

4. This Order terminates Docket 30.

IT IS SO ORDERED.

Dated:  March 7, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge