1 | PILLSBURY WINTHROP SHAW PITTMAN LLP
  | THOMAS V. LORAN III (SBN 95255)
2 | MARC H. AXELBAUM (SBN 209855)
  | 50 Fremont Street
3 | Post Office Box 7880
  | San Francisco, CA  94120-7880
4 | Telephone: (415) 983-1000
  | Facsimile: (415) 983-1200
5 | thomas.loran@pillsburylaw.com
  | marc.axelbaum@pillsburylaw.com
6 |
  | Attorneys for Plaintiff
7 | NICHOLAS BART ELLIS

8 | ANDRADA & ASSOCIATES
  | PROFESSIONAL CORPORATION
9 | J. RANDALL ANDRADA (SBN 70000)
  | MATTHEW ROMAN (SBN 267717)
10 | 180 Grand Avenue, Suite 225
   | Oakland, CA 94612
11 | Telephone:  (510) 287-4160
   | Facsimile:  (510) 287-4161
12 | randrada@andradalaw.com
   | mroman@andradalaw.com
13 |
   | Attorneys for Defendants
14 | SEARGEANT A. NAVARRO;
   | CORRECTIONAL OFFICER F. JUAREZ
15 | CORRECTIONAL OFFICER B. GARDNER; AND
   | APPEALS COORDINATOR C.E. WILBER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NICHOLAS BART ELLIS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>A. NAVARRO, et al.,<br><br>　　　　　Defendants. | No. C 07-5126 SBA (pr)<br><br>JOINT RESPONSE TO ORDER TO FILE JOINT CASE MANAGEMENT CONFERENCE STATEMENT; STIPULATED REQUEST FOR EXTENSION;  ORDER [CIV. L.R. 7-12]<br><br>Courtroom:  1<br>Judge:   Hon. Saundra Brown Armstrong<br>Hearing Date:  March 31, 2011<br>Time:  3:30 p.m. (telephonic) |

702876773v3

Joint Response to Order to File Joint Case Management
Statement; Stip. Request For Extension; [Proposed] Order
Case No. C 07-5126 SBA (PR)

1  **JOINT RESPONSE**

2  Pursuant to Civil Local Rule 7-12, Counsel for Plaintiff Nicholas Bart Ellis and

3  Defendants Anthony Navarro, Frederick Juarez and Brian Gardner hereby submit this Joint

4  Response to Order to File Joint Case Management Conference Statement and Stipulated

5  Request for Extension to file the Joint Case Management Statement.

6  *__Procedural History__*

7  Mr. Ellis's Complaint alleges that Defendants Navarro, Juarez and Gardner

8  subjected Plaintiff, an inmate at Pelican Bay State Prison, to excessive force in violation of

9  the Eighth Amendment to the U.S. Constitution.  Dkt. 1.  Plaintiff's Second Cause of

10  Action alleged that Defendant Chris Wilber violated Plaintiff's First Amendment right of

11  access to the courts.  *Id.*

12  Defendants moved pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to

13  dismiss the Complaint (Dkt. 1), arguing that Mr. Ellis failed to exhaust his administrative

14  remedies in pursuing his claims against Defendants by allegedly failing to file a timely

15  grievance with prison officials in conformance with applicable regulations.  Dkt. 30.  In the

16  alternative, Defendants moved pursuant to Federal Rule of Civil Procedure 56 for summary

17  judgment as to Plaintiff's Second Cause of Action.  *Id.*  Defendants claimed that Mr. Ellis

18  failed to file his grievance with prison officials within fifteen working days of the day Mr.

19  Ellis alleges Defendants attacked him, as required by Section 3084.6(c) of Title 15 of the

20  California Code of Regulations.

21  After Defendants filed their motion, the Court appointed Thomas V. Loran III and

22  Marc H. Axelbaum of Pillsbury Winthrop Shaw Pittman LLP as counsel for Mr. Ellis.  Dkt.

23  33.  Through his appointed counsel, Mr. Ellis filed an Opposition to the motion and a

24  supporting Declaration from Mr. Ellis (Dkts. 35-36).  On the same day, the parties entered

25  into a Stipulation and [Proposed] Order voluntarily dismissing Defendant Wilber pursuant

26  to Federal Rule of Civil Procedure 41(a)(1)(A), and thus dismissing Plaintiff's Second

27  Cause of Action.  Dkt. 34.

28

1    After considering the parties' written submissions, on March 8, 2011 the Court issued an Order Denying Defendants' Motion to Dismiss, and granting the parties' stipulated request to dismiss Defendant Wilber and the Second Cause of Action. Dkt. 41. In denying Defendants' motion, the Court found that "the record presented shows on August 28, 2006 – within fifteen days of his injury – Plaintiff timely submitted a Form 602 appeal to prison officials." *Id.* at 5.

The Court then directed the parties (1) to appear at a telephonic Case Management Conference on March 31, 2011 at 3:30 p.m., and (2) to file a Joint Case Management Statement no less than five days prior to the Case Management Conference. *Id.* at 7.

### *Statement of Counsel for Mr. Ellis*

Through counsel, the parties have met and conferred to discuss the Joint Case Management Statement. Unfortunately, counsel for Mr. Ellis do not feel they have authority to file a Joint Case Management Statement. The reason is that the Warden of Pelican Bay has issued an order that, counsel are informed and believe, forbids Pelican Bay inmates from having attorney-client telephone communications with their lawyers except in cases of emergency. Mr. Ellis's counsel have been informed by the litigation coordinator at Pelican Bay that the Warden's order has been issued because of the impact the budget crisis in California has had on Pelican Bay's prison staffing. The order, counsel are informed and believe, is allegedly based on California Department of Corrections ("CDC") "Operational Procedure Number 290," which is apparently confidential and unpublished, and Section 3282 of Title 15 of the California Code of Regulations ("Section 3282").

Counsel for Mr. Ellis was first informed of this order on October 5, 2010, when counsel requested an attorney-client call with Mr. Ellis. At that time, counsel attempted to follow the normal procedures for such a request, which had been successful on prior occasions, including in facilitating the drafting and filing of Mr. Ellis's Opposition to Defendants' motion to dismiss and his supporting declaration. In October of 2010, Defendants' motion was still pending, there were accordingly no active proceedings in the

- 2 -

702876773v3

Joint Response to Order to File Joint Case Management Statement;
Stip. Request for Extension; [Proposed] Order
Case No. C 07-5126 SBA (PR)

1  matter, and counsel decided not to seek relief from the restriction, communicating instead
2  with Mr. Ellis via regular mail.
3      In light of the Court's March 8th Order, Mr. Ellis's counsel recently attempted to set
4  up an attorney-client call to discuss the Order, the need for a Joint Case Management
5  Statement, and overall case planning and strategy.  Counsel was again told by the litigation
6  coordinator that the Pelican Bay Warden was not allowing attorney-client telephone calls
7  except in cases of emergency, again citing Operational Procedure Number 290 and Section
8  3282.  Counsel was informed that the Warden's order has been in effect continuously since
9  at least the time counsel attempted to contact Mr. Ellis in October of 2010.  Thus, for
10 almost six months, the Warden has been forbidding Pelican Bay inmates, including Mr.
11 Ellis, from having confidential attorney-client telephone calls, except in cases of
12 emergency.
13     As a result of this extraordinary restriction, Mr. Ellis's counsel do not feel they have
14 authority from their client to file a Joint Case Management Statement and are effectively
15 debilitated from proceeding further in the case until they are able to speak with their client.
16 Although counsel for Mr. Ellis could draft certain sections of the Statement required by the
17 Court's Standing Order re Contents of Joint Case Management Statement (e.g., #1
18 (Jurisdiction and Service), #2 (Facts)), counsel believe that their client is entitled to discuss,
19 review, and ask counsel to revise even such straightforward matters.  More important, many
20 sections of the Statement (e.g., #8 (Discovery), #11 (Relief), #12 (Settlement and ADR),
21 #13 (Consent to Magistrate Judge for All Purposes), #15 (Narrowing of Issues)) require
22 active, real-time discussion with Mr. Ellis, as they require Mr. Ellis and his lawyers to
23 consider significant case strategy issues, as well as an overall plan for how the case should
24 be managed.
25     Mr. Ellis's counsel do not believe they can do such things via the prison mail,
26 which, for reasons detailed in Mr. Ellis's Opposition to Defendants' motion to dismiss,
27 neither Mr. Ellis nor his counsel trust.  Even if the prison mail could be trusted, counsel
28 believe that case strategy, which they necessarily must discuss with their client in order to

1  draft a Joint Case Management Statement, cannot effectively be discussed via U.S. mail.
2  Counsel are cognizant of the State's budgetary crisis, acknowledge that it has had a
3  significant impact on various government agencies, and recognize that running an
4  institution like Pelican Bay within tightened budgetary constraints is undoubtedly difficult.
5  At the same time, counsel have professional and ethical obligations to represent their client
6  zealously and, in the process, communicate with him.  With over 350 miles between them
7  and their client, the only way to communicate effectively with their client is on the phone
8  (and when necessary, in person, after a flight or a day's drive).  The U.S. mail does not
9  suffice.
10       Counsel for Mr. Ellis have explained this situation to Defendants' counsel, who
11  have confirmed the restriction at Pelican Bay, but have stated that the most they could do is
12  attempt to get Pelican Bay staff to facilitate one or two short, non-emergency confidential
13  attorney-client calls between Mr. Ellis and his lawyers.  Defendants' counsel have stated
14  that the one or two occasions they might be able to secure might be all they could procure
15  for the life of the case, which is totally unworkable for litigating the case through judgment.
16  Nevertheless, Mr. Ellis's counsel understand that Defendants' counsel are still considering
17  ways that they could facilitate possible relief from the order currently in place.
18       Counsel for Mr. Ellis further submits that Section 3282, cited by the Warden as
19  authority for cutting off all telephone contact between Pelican Bay inmates and their
20  lawyers in non-emergency situations, does not provide authority for such an overly broad
21  order.  That section, in relevant part, provides;

> It is within the discretion of the institution head, or his/her designee, to approve or deny a confidential call.  As long as the attorney/client communication privilege is not violated, a confidential call may be denied where the institution head, or his/her designee, determines that normal legal mail or attorney visits were appropriate means of communication and were not reasonably utilized by the inmate or attorney.  Where demand for confidential calls seriously burdens institutional operations, the institution head, or his/her designee, shall *prioritize* confidential calls.

- 4 -

702876773v3

Joint Response to Order to File Joint Case Management Statement;
Stip. Request for Extension; [Proposed] Order
Case No. C 07-5126 SBA (PR)

1   15 Cal. Code Reg. § 3282(g) (emphasis added).[1]  Thus, the regulation cited by the Warden

2   does not confer the authority to ***deny*** all confidential attorney-client calls – only to

3   "prioritize" them.

4   Plainly, denying all such calls between all inmates and their lawyers, including Mr.

5   Ellis, for what may already be as long as a half a year and for the indefinite future, does not

6   constitute "prioritizing."  And it cannot be the case that the Warden has determined that

7   "normal legal mail or attorney visits were appropriate means of communication and were

8   not utilized by the inmate or attorney," when the Warden used to permit such calls – not

9   only with Mr. Ellis but also, counsel are informed, with other inmates at Pelican Bay.

10  Further, Pelican Bay staff have never stated that the Warden has made such a determination

11  as to Mr. Ellis or any other inmates at Pelican Bay, only that, as stated, the state's budget

12  crisis required the Warden to take the action.

13  Because Operational Procedure Number 290, also cited by the Warden, is

14  confidential and unpublished, Mr. Ellis's counsel obviously are not able to address it, but

15  find it exceedingly difficult to imagine that an unpublished regulation could provide

16  authority for the action taken by the Warden, especially given its impact not just on the

17  professional and ethical obligations of counsel for Mr. Ellis, but also on the obligations of

18  lawyers for other inmates at Pelican Bay.

19  Mr. Ellis' counsel submit that Defendants' proposal set forth in their statement

20  below is unworkable.  Defendants state that "arrangements will be made to allow Plaintiff's

21  counsel to speak with Mr. Ellis for 30 minutes by telephone.  This should provide more

22  than enough time for counsel to obtain the necessary authority allowing him to file the Joint

23  Statement."  *See infra* at 7.  As noted, drafting a case management statement requires

24  planning and strategy, things that a lawyer should discuss with his client *before* sitting

---

[1] The same section states that an "'emergency call' means a telephone call regarding the serious illness or injury, or the death of an inmate's immediate family member." *Id.* § 3282(a)(1).  Calls between Mr. Ellis and his lawyers, while critically important, do not meet this definition.

- 5 -   702876773v3

Joint Response to Order to File Joint Case Management Statement;
Stip. Request for Extension; [Proposed] Order
Case No. C 07-5126 SBA (PR)

1  down to draft a discovery plan or deciding what alternative dispute resolution procedures
2  the client should pursue.
3  But the issue is larger than just the task immediately at hand (drafting a Joint Case
4  Management Statement).  Counsel need to speak with their client throughout the litigation,
5  especially as they head into discovery, which in counsel's experience requires significant
6  client consultation.  30-minute phone calls with Mr. Ellis at "critical junctures," *see infra* at
7  7, after counsel have done their best, e.g., to devise a case plan or draft a set of
8  interrogatories or deposition outline will not suffice.  Counsel actually need Mr. Ellis's
9  assistance to do this legal work – before and during the time they perform it – and they
10 require his approval of their work product when it is near completion.  Defendants do not
11 appear to appreciate these basic tenets of representing Mr. Ellis effectively and fulfilling
12 their professional obligations to him.
13 Counsel for Mr. Ellis are also at a loss to understand exactly who is making the
14 decisions regarding Mr. Ellis's access to his attorneys.  Although Mr. Ellis's counsel
15 appreciate whatever Defendants' counsel can do to facilitate communication, and they have
16 no reason to doubt that the Warden has restricted non-emergency attorney-client calls with
17 Pelican Bay inmates generally, Defendants' Statement below causes them to question who
18 has ultimate authority over the decision to allow Mr. Ellis access to his lawyers.  Mr. Ellis's
19 counsel are willing to discuss the matter further with Defendants' counsel in an attempt to
20 reach a resolution of the problem but believe that the situation will warrant judicial
21 intervention if the parties cannot resolve the matter with prison officials within the next two
22 weeks.

23                          ***Statement of Defendants***

24 As correctly outlined by Plaintiff's counsel, budget and staffing constraints have
25 forced officials at Pelican Bay State Prison to employ their ability to prioritize confidential
26 calls to inmates.  This does not mean that all confidential attorney-client calls are being
27 denied.  It does mean, however, that such calls are being limited to circumstances in which
28

1  they are absolutely necessary.  The discussion of a Joint Case Management Conference
2  Statement simply does not justify the strain on the institution's limited resources.
3        As indicated above, Plaintiff's counsel are of the opinion that they do not have the
4  authority to file a Joint Case Management Conference Statement without discussing the
5  matter with Mr. Ellis by telephone.  Counsel for Defendants do not believe that the matters
6  to be discussed in the Joint Statement are of such gravity that they cannot be communicated
7  by mail.  Defendants' counsel proposed that a Joint Statement may be submitted with the
8  understanding that a copy would be mailed to Mr. Ellis, and subject to modification if
9  necessary.  Plaintiff's counsel were not amenable to this approach, stating that this would
10 amount to professional malpractice on his part.  In the experience of Defendants' counsel, it
11 is simply not the custom and practice for attorneys to discuss Case Management
12 Conference Statements with clients in bodily injury cases, including §1983 actions, before
13 they are submitted to the court.
14       Plaintiff's counsel's desire to speak with his client at critical junctures in the case is
15 certainly understandable.  As discussed above, phone conversations may be arranged in the
16 future when absolutely necessary.  However, Defendants' counsel are also interested in
17 balancing Plaintiff's counsel's need to speak with Mr. Ellis against the interests of the
18 institution in light of the present budget and staffing constraints.  Plaintiff's counsel has
19 advised that he anticipates speaking with Mr. Ellis several times before filing a Joint Case
20 Management Statement.  This raises some concern as to the extent of interaction they may
21 find to be necessary at future, more significant junctures in the case.
22       In an effort to meet the interests of all interested parties, Defendants' counsel
23 propose the following: counsel for all parties will prepare a Joint Case Management
24 Conference Statement.  Arrangements will be made to allow Plaintiff's counsel to speak
25 with Mr. Ellis for 30 minutes by telephone.  This should provide more than enough time for
26 counsel to obtain the necessary authority allowing him to file the Joint Statement.  To be
27 certain, this will allow Plaintiff's counsel to comply with any professional and ethical
28 obligations they have in representing Mr. Ellis in this matter.

**STIPULATED REQUEST FOR EXTENSION**

In view of the situation in which the parties find themselves, they hereby stipulate and jointly request, through their respective attorneys, that the Court provide the parties with a two-week extension – until Thursday, April 7, 2011 – to file a Joint Case Management Statement. If Defendants' counsel are able to facilitate more regular telephone access for Mr. Ellis and his counsel sufficiently in advance of April 7, the parties will file their Statement by that date. If not, the parties will file separate statements with the Court by April 7, describing the status of the issue, and what each side proposes to do about it, including any relief Mr. Ellis's counsel may seek from the Court.

Either way, all counsel request that the Case Management Conference be adjourned by two weeks – until Thursday, April 13, 2011, at 3:45 p.m. – or as soon thereafter as may be convenient for the Court.

Dated:  March 25, 2011

PILLSBURY WINTHROP SHAW PITTMAN LLP

THOMAS V. LORAN III
MARC H. AXELBAUM
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

By       */s/ Marc H. Axelbaum*
                Marc H. Axelbaum

Attorneys for Plaintiff NICHOLAS BART ELLIS

ANDRADA & ASSOCIATES
J. RANDALL ANDRADA
MATTHEW ROMAN
180 Grand Avenue, Suite 225
Oakland, CA 94612

By       */s/ Matthew Roman*
                Matthew Roman

Attorneys for Defendants
SEARGEANT A. NAVARRO;
CORRECTIONAL OFFICER F. JUAREZ
CORRECTIONAL OFFICER B. GARDNER; AND
APPEALS COORDINATOR C.E. WILBER

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, Marc H. Axelbaum, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from the signatory listed above.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on March 25, 2011, at San Francisco, California.

By  */s/ Marc H. Axelbaum*
Marc H. Axelbaum

Attorney for Plaintiff NICHOLAS BART ELLIS

**[PROPOSED] ORDER**

Having considered the parties' Joint Response to Order to File Joint Case Management Statement and Stipulated Request re Extension, and good cause appearing,

IT IS HEREBY ORDERED that:

1. The parties' request for a two-week extension to file their Joint Case Management Statement is GRANTED. If Defendants' counsel are able to secure regular confidential attorney-client calls between Plaintiff and his counsel sufficiently in advance of April 7, 2011, the parties shall file their Joint Case Management Statement on or before that date, and Plaintiff shall be responsible for filing it. If the parties are not able to do so, they shall file separate statements with the Court on or before April 7, describing the status of Plaintiff's counsel's telephone access to Plaintiff, and what each side proposes to do to resolve the issue and continue to litigate the case expeditiously, including any relief Plaintiff's counsel may wish to seek from the Court.

2. The Case Management Conference currently set for Thursday, March 31, 2011 is hereby adjourned until Wednesday, April 13, 2011, at 3:00 p.m. All parties shall call (510) 637-3559 for the appearance, and Plaintiff shall arrange the call.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _3/29/11.

Hon. Saundra Brown Armstrong
United States District Judge

- 10 -

702876773v3

Joint Response to Order to File Joint Case Management Statement;
Stip. Request for Extension; [Proposed] Order
Case No. C 07-5126 SBA (PR)