1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   THOMAS V. LORAN III (SBN 95255)
2  MARC H. AXELBAUM (SBN 209855)
   WESLEY M. SPOWHN (SBN 252939)
3  50 Fremont Street
   Post Office Box 7880
4  San Francisco, CA  94120-7880
   Telephone: (415) 983-1000
5  Facsimile: (415) 983-1200
   thomas.loran@pillsburylaw.com
6  marc.axelbaum@pillsburylaw.com
   wesley.spowhn@pillsburylaw.com
7
   Attorneys for Plaintiff
8  NICHOLAS BART ELLIS

9  ANDRADA & ASSOCIATES
   PROFESSIONAL CORPORATION
10 J. RANDALL ANDRADA (SBN 70000)
   MATTHEW ROMAN (SBN 267717)
11 180 Grand Avenue, Suite 225
   Oakland, CA 94612
12 Telephone:  (510) 287-4160
   Facsimile:  (510) 287-4161
13 randrada@andradalaw.com
   mroman@andradalaw.com
14
   Attorneys for Defendants
15 SERGEANT A. NAVARRO;
   CORRECTIONAL OFFICER F. JUAREZ
16 CORRECTIONAL OFFICER B. GARDNER; AND
   APPEALS COORDINATOR C.E. WILBER
17

18                    IN THE UNITED STATES DISTRICT COURT

19                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

20                                 OAKLAND DIVISION

21
   NICHOLAS BART ELLIS,                )
22                                     )   No. C 07-5126 SBA (DMR)
                                       )
23                 Plaintiff,          )   **STIPULATED PROTECTIVE ORDER**
                                       )   **AS MODIFIED**
24       vs.                           )
                                       )
25 A. NAVARRO, et al.,                 )
                                       )
26                 Defendants.         )
                                       )
27

28

Subject to the approval of this Court, the parties stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived from them, as "Attorney's Eyes Only Material" under the terms of this Stipulated Protective Order ("Order"). Attorney's Eyes Only Material is information that concerns or relates to the processes, operations, investigations, or other information relating to the California Department of Corrections and Rehabilitation ("CDCR"), disclosure of which may have the effect of causing harm to the safety and security of the prison, prison staff, inmates, the public, Plaintiff, or Defendants. Attorney's Eyes Only Material is also personal information of the Plaintiff and Defendants, including but not limited to home addresses, social security numbers, telephone numbers, email addresses, names or identifying information of family members, the disclosure of which places the safety of Defendants, who are current and former peace officers, and their family members at risk. Attorney's Eyes Only Material also includes all personal identifying information of any inmate, current or former CDCR employee, and any third party entitled to confidential protection of personal identifying information under California and/or applicable federal law.

By designating a document, thing, material, testimony or other information derived from them as Attorney's Eyes Only Material under the terms of this Order, the party making the designation is certifying to the Court that there is a good-faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26.

2. Attorney's Eyes Only Material will be designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY". Stamping the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover of any multipage document will designate all pages of the document as confidential, unless otherwise indicated by the producing party. Attorney's Eyes Only Material, and the information contained therein, may be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by counsel), and to the

"qualified persons" listed in subparagraphs 5(a) through (c) below, but will not be disclosed to a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made, all other provisions in this Order with respect to confidentiality will also apply.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as Attorney's Eyes Only Material by making a statement to that effect on the record at the deposition or other proceeding. Arrangements will be made with the court reporter taking and transcribing the proceeding to separately bind portions of the transcript containing information designated as Attorney's Eyes Only Material, and to label the separately bound portions appropriately. Defendants, and employees of the CDCR, will not be required to disclose confidential personal information, as described in paragraph one, in response to discovery, including questioning at deposition, without the protections for Attorney's Eyes Only Material required by this Order.

4. Material designated as Attorney's Eyes Only Material under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Attorney's Eyes Only Material may be used only for the purpose of prosecution, defense, or settlement of this action, but for no other purpose.

5. Any Attorney's Eyes Only Material will be disclosed or made available only to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) experts (together with their clerical staff) retained by counsel to assist in the prosecution, defense, or settlement of this action;

(b) court reporter(s) employed in this action;

(c) any other person about whom the parties in writing agree.

Prior to receiving any Attorney's Eyes Only Material, each "qualified person" will be provided with a copy of this Order and will execute a nondisclosure agreement in the form

1  of Attachment A.  A copy of the executed agreement will be provided to counsel for each
2  other party.

3     6.     Any Party or Non-Party may challenge a designation of confidentiality at
4  any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is
5  necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a
6  significant disruption or delay of the litigation, a Party does not waive its right to challenge
7  a confidentiality designation by electing not to mount a challenge promptly after the
8  original designation is disclosed.

9     (a)    The Challenging Party shall initiate the dispute resolution process by
10  providing written notice of each designation it is challenging and describing the basis for
11  each challenge.  To avoid ambiguity as to whether a challenge has been made, the written
12  notice must recite that the challenge to confidentiality is being made in accordance with this
13  specific paragraph of this Order.  The parties shall attempt to resolve each challenge in
14  good faith and must begin the process by conferring directly (in voice-to-voice dialogue;
15  other forms of communication are not sufficient) within fourteen (14) days of the date of
16  service of notice.  In conferring, the Challenging Party must explain the basis for its belief
17  that the confidentiality designation was not proper and must give the Designating Party an
18  opportunity to review the designated material, to reconsider the circumstances, and, if no
19  change in designation is offered, to explain the basis for the chosen designation.  A
20  Challenging Party may proceed to the next stage of the challenge process only if it has
21  engaged in this meet and confer process first or establishes that the Designating Party is
22  unwilling to participate in the meet and confer process in a timely manner.

23     (b)    If the Parties cannot resolve a challenge without Court intervention, the
24  Challenging Party shall comply with the applicable rules and procedures governing
25  discovery disputes within twenty one (21) days of the initial notice of challenge or within
26  fourteen (14) days of the parties agreeing that the meet and confer process will not resolve
27  their dispute, whichever is earlier.

28

1    (c)     The burden of persuasion in any such challenge proceeding shall be on the
2 Challenging Party.  All parties shall continue to afford the material in question the level of
3 protection to which it is entitled under the Producing Party's designation until the Court rules
4 on the challenge.

5    7.      Nothing in this Order will impose any restrictions on the use or disclosure by
6 a party of material obtained by the party independent of discovery in this action, or from
7 disclosing its own Attorney's Eyes Only Material as it deems appropriate.

8    8.      If Attorney's Eyes Only Material, including any portion of a deposition
9 transcript designated as Attorney's Eyes Only Material, is included in any papers to be filed
10 in Court, such papers will be labeled "Confidential—Subject to Court Order" and filed
11 ~~under seal,~~ according to the procedure set out in Local Rule 79-5, until further order of this
12 Court.

13    9.      In the event that any Attorney's Eyes Only Material is used in any court
14 proceeding in this action other than trial, it will not lose its confidential status through such
15 use, and the party using the material will take all reasonable steps to maintain its
16 confidentiality during such use.  Any use of Attorney's Eyes Only Material at trial shall be
17 governed by a separate agreement or order to be addressed as part of the pretrial conference
18 procedures.

19    10.     This Order will be without prejudice to the right of the parties (i) to bring
20 before the Court at any time a question of whether any particular document or information
21 is confidential or whether its use should be restricted or (ii) to present a motion to the Court
22 under FRCP 26(c) for a separate protective order as to any particular document or
23 information, including restrictions differing from those as specified herein.  This Order will
24 not prejudice the parties in any way in any future application for modification of this Order.

25    11.     This Order is entered solely for the purpose of facilitating the exchange of
26 documents and information between the parties to this action.  Nothing in this Order, or the
27 production of any information or document under the terms of this Order, or any
28 proceedings under this Order will be deemed as an admission or a waiver by any party, and

- 4 -

STIPULATED PROTECTIVE ORDER
Case No. C 07-5126 SBA (DMR)

703341130v1

will not alter the confidentiality or non-confidentiality or any such document or information or alter any existing obligation of any party or the absence of obligation.

12. This Order will survive the final termination of this action, to the extent that the information contained in Attorney's Eyes Only Material is not or does not become known to the public, and the Court will retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Order. Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals all parties in receipt of Attorney's Eyes Only Material shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Attorney's Eyes Only Material and certify that fact. The Receiving Party's reasonable efforts shall not require the return or destruction of Attorney's Eyes Only Material that is (a) stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (b) located in the email archive system or archived electronic files of departed employees, or (c) subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Attorney's Eyes Only Material, but such retained information shall continue to be treated in accordance with this Order. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product that contain or refer to Attorney's Eyes Only Material, provided that such counsel and employees of such counsel shall not disclose such Attorney's Eyes Only Material to any person, except pursuant to Court order. Nothing shall be interpreted in a manner that would violate applicable canons of ethics or codes of professional responsibility.

13. Absent written permission by the designating party or Court order, information or items designated as Attorney's Eyes Only Material will not be shown or otherwise disclosed to Plaintiff or any other inmates. The parties agree that any audio or video recordings of inmate interviews or other recordings designated as Attorney's Eyes

1  Only Material under this Order will only be shown to Plaintiff to the extent necessary to

2  question him about the incident and prepare him for trial.  Plaintiff may not retain copies of

3  any recordings.  Counsel for Plaintiff may have and retain copies of any material designated

4  for protection under this order.

5  SO STIPULATED:

6      Dated: November 10, 2011

7                                                PILLSBURY WINTHROP SHAW PITTMAN LLP
   THOMAS V. LORAN III
8                                                MARC H. AXELBAUM
   WESLEY M. SPOWHN
9                                                50 Fremont Street
   Post Office Box 7880
10                                               San Francisco, CA 94120-7880

11                                               By       */s/ Marc H. Axelbaum*
                                                                 Marc H. Axelbaum
12
                                                 Attorneys for Plaintiff NICHOLAS BART ELLIS
13     Dated: November 10, 2011

14                                               ANDRADA & ASSOCIATES
   J. RANDALL ANDRADA
15                                               MATTHEW ROMAN
   180 Grand Avenue, Suite 225
16                                               Oakland, CA 94612

17                                               By       */s/ Matthew Roman*
                                                                 Matthew Roman
18
                                               Attorneys for Defendants
19                                             SERGEANT A. NAVARRO;
   CORRECTIONAL OFFICER F. JUAREZ
20                                             CORRECTIONAL OFFICER B. GARDNER; AND
   APPEALS COORDINATOR C.E. WILBER
21

22    **APPROVED AND SO ORDERED:**

23

24     Dated: November 16, 2011

25                                                                     

26                                               The Hon. Donna M. Ryu
                                                 United States Magistrate Judge

27

28

STIPULATED PROTECTIVE ORDER
Case No. C 07-5126 SBA (DMR)

703341130v1

## ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____

_____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [_____] in the case of *Nicholas Bart Ellis v. A. Navarro, et al.*, United States District Court, Northern District of California, Case No. C07-5126 SBA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to do so could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print full name], of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, Wesley M. Spowhn, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from the signatories listed above.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on November 10, 2011, at San Francisco, California.

By    */s/ Wesley M. Spowhn*
       Wesley M. Spowhn

Attorney for Plaintiff NICHOLAS BART ELLIS