UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| NICHOLAS BART ELLIS,<br><br>   Plaintiff,<br>   v.<br>SERGEANT A. NAVARRO, *et al.*,<br><br>   Defendants.<br>_____/ | No. C 07-05126 SBA (LB)<br><br>**ORDER RE PLAINTIFF'S *EX PARTE* 1/3/2012 DISCOVERY LETTER** |

Plaintiff Nicholas Bart Ellis lodged with the court an *ex parte* discovery letter on January 3, 2012,[1] arguing that Defendants failed to produce outstanding documents and refuse to permit Plaintiff to meet with his counsel for a full day to prepare for his deposition. Plaintiff's 1/3/2012 Discovery Letter at 1. The letter did not comply with the discovery procedures set forth in the court's standing order. However, in the interests of efficiency, the court addresses whether documents from the California Office of the Inspector General ("OIG") must be produced.

On December 20, 2011, the court adopted the parties' stipulation and proposed order regarding discovery. Order, ECF No. 71 at 5. The parties' stipulation provided that Pelican Bay State Prison ("PBSP") or the California Department of Corrections and Rehabilitations ("CDCR") would produce certain documents to Plaintiff by December 21, 2011. *Id.* at 2. On December 21, 2011,

---

[1] The court has addressed some of the parties' discovery issues though a mediated settlement model in which the parties may lodge a joint letter with the court. However, the current *ex parte* letter will be made part of the public record unless the court receives an objection from either party by 5:00 p.m. on January 4, 2012.

C 07-05126 SBA (LB)
ORDER

OIG sent Defendants' counsel a fax in which it stated that it could not release its investigation report absent a court order and that the original documents provided to the CDCR may not be released to any other party. Exh. B, Plaintiff's 1/3/2012 Discovery Letter at 12. It was the court's understanding that the parties' stipulation covered these documents. In the interests of clarity, the court **ORDERS** OIG to release the documents to Plaintiff's counsel for "attorneys' eyes only" review pursuant to the stipulated protective order entered at ECF No. 58.

With regard to Plaintiff's request for a full-day of deposition preparation, the parties' stipulation and the court's order from December 20, 2011 addressed this issue. Order, ECF No. 71 at 4. While the court understands that Plaintiff has alleged that Defendants failed to respond in a timely fashion and that a dispute remains, the parties must follow the court's discovery process before the court can address the outstanding issue. If the parties are unable to resolve the issue on their own, the court is available by telephone today during business hours.

**IT IS SO ORDERED.**

Dated: January 3, 2012

_____
LAUREL BEELER
United States Magistrate Judge