UNITED STATES  DISTRICT COURT

Northern District of California

Oakland Division

NICHOLAS BART ELLIS,                              No. C 07-05126 SBA (LB)

              Plaintiff,               **ORDER RE 1/3/2012 JOINT**
    v.                                          **DISCOVERY LETTER**

SERGEANT A. NAVARRO, *et al.*,                    [ECF No. 73]

             Defendants.
_____/

The parties filed a joint discovery letter on January 3, 2012.  1/3/2012 Joint Discovery Letter, ECF No. 73.  The court conducted a telephonic hearing on the record.  Following the hearing, the court issues this order, which resolves the disputes.

A. OIG Files

Earlier on January 3, 2012, Plaintiff separately lodged a discovery letter (rather than filing the joint letter required by the court's standing order).[1]  Plaintiff's *ex parte* letter referenced a prior stipulated court order dated December 20, 2011 requiring the production of certain documents that were in the custody of either Pelican Bay State Prison (PBSP) or the California Department of Corrections and Rehabilitation (CDCR).  *See* ECF No. 71 (filed under seal because it referenced certain inmate identifying information in paragraph 1b).  According to Plaintiff's *ex parte* letter, certain documents were not produced because they were in the custody of the "*CDCR's* OIG."

---

[1]  By this order, the court orders the letter filed as part of the public record.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Plaintiff's 1/3/2012 Discovery Letter at 2 (emphasis added).   The OIG (or "Office of the Inspector

2  General") represented to Defendants' counsel that the documents were confidential and would be

3  produced only after a court order mandating disclosure under a protective order.  *See* Exhibit B to

4  Plaintiff's 1/3/12 Discovery Letter (letter from OIG to Defendants' counsel stating that "the

5  investigation is confidential . . . and will not be provided absent a federal court order mandating

6  [that] OIG release the investigation under a protective order").

7      Because OIG asked only for a court order requiring disclosure pursuant to a protective order, the

8  court ordered disclosure earlier today.  *See* ECF No. 72.  In the parties' separate joint letter filed

9  today at ECF No. 73, Defendants' counsel clarified that he does not represent OIG.  Still, the court's

10  disclosure order earlier today was appropriate.  First, OIG asked only for a court order and raised no

11  other objection to producing the report.  *See* Exhibit B to Plaintiff's 1/3/12 Discovery Letter.

12  Second, no one disputes the relevancy of the information.  Third, OIG's letter to Defendants'

13  counsel also stated that "[y]ou indicated . . . that the OIG provided the original investigative report

14  to your client, the California Department of Corrections and Rehabilitation (CDCR).  We are unable

15  to release the document to any other outside entity."  To the extent that the CDCR has the

16  investigative report, the court's December 20, 2012 order at ECF No. 71 requires its disclosure, and

17  the order earlier today presumably facilitates disclosure, albeit by the OIG as opposed to the CDCR.

18  B.  Time to Prepare Plaintiff

19      Plaintiff's counsel asks the court to order the PBSP warden to make Plaintiff available on

20  January 5, 2012 from 8 a.m. to 5 p.m.  The December 20, 2011 stipulated order (reached after

21  extensive discussion on December 19, 2011) reflects that the warden agreed to make Plaintiff

22  available only from 8 a.m. to 1:30 p.m. because PBSP would have to pay overtime from 1:30 p.m. to

23  5:00 p.m.  The warden also scheduled additional preparation time on January 4, 2012 from 8:00

24  a.m. to 1:30 p.m.

25      For the reasons stated on the record today, the court will not order the warden to pay overtime

26  hours on January 5, 2012.  Different possibilities (including Plaintiff's paying $300 overtime costs

27  and additional preparation time from 8 a.m. to 1:30 p.m. on January 4, 2012) are memorialized in the

28  December 20 stipulation and order.  *See* ECF No. 71 at ¶ 4.  Thus, the uncertainties about the

1   availability of additional time on January 5 were evident to Plaintiff as of December 19, and the

2   parties discussed those uncertainties on December 19 (including the possibility of Plaintiff's counsel

3   having to travel on January 3, 2012 to adequately prepare the client).

4        The court acknowledges that Defendants' counsel was unable to provide a definitive answer

5   from the warden about overtime hours until December 30, 2011.  The court notes that providing an

6   additional 2.5 hours of preparation time (until 4 p.m.) on January 5, 2012 would be a pragmatic

7   solution to the deposition preparation issue and would avoid any future argument by Plaintiff that

8   Defendants should bear any costs that Plaintiff incurs to travel to PBSP for preparation time on

9   January 4, 2012.  But the court will not order the additional 2.5 hours given the provision of an

10  additional 5.5 hours on January 4, 2012 and Plaintiff's knowledge of the scheduling issues in

11  December.

12  C.  Sufficiency of the Document Disclosures

13       At the hearing, Plaintiff raised the sufficiency of document disclosures, referencing its expert's

14  opinion that it seemed unlikely that the disclosures were complete or that Defendants' search was

15  exhaustive.  *See* Plaintiff's 1/3/12 Discovery Letter at 3.

16       To the extent that Plaintiff has a discovery dispute, Plaintiff must comply with the court's

17  discovery procedures, which require a joint letter following an in-person meet-and-confer.   At the

18  hearing, the court suggested that if Plaintiff had information about the adequacy of the search, it

19  should provide that to Defendants' counsel.  To the extent that disputes still exist thereafter, the

20  parties should follow the court's discovery procedures.

21       This disposes of ECF No. 73.

22       **IT IS SO ORDERED.**

23  Dated: January 3, 2012

24                                              LAUREL BEELER
                                                United States Magistrate Judge
25

26

27

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**