UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| NICHOLAS BART ELLIS, | No. C 07-05126 SBA (LB) |
| Plaintiff, | **ORDER RE 1/17/2012 JOINT DISCOVERY LETTER** |
| v. | |
| SERGEANT A. NAVARRO, *et al.*, | [ECF No. 77] |
| Defendants. | |

The parties filed a joint discovery letter on January 17, 2012, addressing issues related to the production of documents from the Office of Inspector General ("OIG"). 1/17/2012 Joint Discovery Letter, ECF No. 77 at 1. The court conducted a telephonic hearing on the record. Following the hearing, the court issues this order, which resolves the disputes.

Plaintiff seeks all investigation reports concerning the named defendants from OIG. *Id.* at 2. OIG construed the court's 1/3/12 order as covering only investigation documents concerning the August 14, 2006 incidents that are the subject of Plaintiff's complaint. *Id.* Plaintiff claims that the stipulation underlying the court's order was not limited to the August 14, 2006 incidents and requested production of all investigation reports concerning the named defendants. *Id.* OIG said that such production would be possible, but only if the court were to issue a clarifying order mandating that OIG produce all investigation reports concerning the named defendants. *Id.*

Defendant states that the dispute regarding the production of these documents is between Plaintiff and OIG. *Id.* at 3. Defendant goes on to claim that OIG has not had a full and fair

1 opportunity to object to the production of the documents requested and that the documents are not
2 relevant. *Id.*

3 Plaintiff responds to Defendant's points by noting that Defendants did not contend that OIG is a
4 separate agency from the CDCR until December 21, 2011, which was after the parties had met,
5 conferred and stipulated to an agreement concerning production of the documents. *Id.* Plaintiff also
6 notes that OIG has never brought up the subpoena issue or raised any objections other than that it
7 requires a court order to release the documents. *Id.* And Plaintiffs assert that the OIG documents
8 concern the named defendants in this action and, accordingly, are likely to lead to the discovery of
9 admissible evidence. *Id.*

10 The court agrees with Plaintiff, and Defendant stated that it had no objections provided OIG was
11 given the opportunity to object. Accordingly, the court **ORDERS** OIG to release all investigation
12 materials concerning the named defendants in this action under the Stipulated Protective Order As
13 Modified (Dkt. 58) and, as soon as is practicable, produce to Plaintiff for "attorneys' eyes only"
14 review any and all non-privileged documents concerning the named defendants. However, if OIG
15 has any objections, OIG and Plaintiff must follow the discovery procedures set forth in the court's
16 standing order, which is attached.

17 This disposes of ECF No. 77.

18 **IT IS SO ORDERED.**

19 Dated: January 27, 2012

20 _____
LAUREL BEELER
United States Magistrate Judge

C 07-05126 SBA (LB)
ORDER         2