UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| NICHOLAS BART ELLIS, | No. C 07-05126 SBA (LB) |
| Plaintiff, | **ORDER RE 3/19/2012 JOINT DISCOVERY LETTER** |
| v. | |
| SERGEANT A. NAVARRO, *et al.,* | [ECF No. 83] |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Nicholas Bart Ellis and the Office of the Inspector General ("OIG"), an interested party, filed a joint discovery letter on March 19, 2012 addressing OIG's objections to the court's order that they produce investigation materials sought by Plaintiff. 3/19/2012 Joint Discovery Letter, ECF No. 83 at 1. Following a hearing on April 12, 2012, and considering the parties' respective arguments contained in the letter, the court orders OIG to produce the summary reports regarding the 2008 OIG investigation.

## II. BACKGROUND

On January 3, 2012, Plaintiff filed an *ex parte* request that the court order OIG to produce records relevant to Plaintiff's case. Plaintiff's 1/3/2012 Discovery Letter at 1. The records at issue document a 2008 OIG investigation into complaints against four California Department of Corrections and Rehabilitation ("CDCR") officers working at Pelican Bay State Prison. Two of those officers, defendants Navarro and Juarez, are named defendants in this case. 3/19/2012 Joint

ORDER
C 07-05126 SBA (LB)

1  Letter, ECF No. 83 at 1-2. On January 27, 2012, the court granted Plaintiff's request and ordered
2  OIG to "release all investigation materials concerning the named defendants in this action under the
3  Stipulated Protective Order As Modified." Order re 1/17/2012 Discovery Letter, ECF No. 80 at 2.
4  Due to some confusion between Plaintiff, OIG, and CDCR during the discovery process, OIG had
5  not yet had an opportunity to voice its objections to this discovery order. *Id.* OIG's objections,
6  along with Plaintiff's responses, are the subject of this joint letter. *Id.*

## II. LEGAL STANDARD

Subject to the limitations imposed by subsection (b)(2)(C), under Rule 26, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery in has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

## IV. DISCUSSION

OIG first objects that the requested discovery is irrelevant to this case. *Id.* at 3. The court, however, has already determined that the investigation materials sought by Plaintiff are relevant. *See* Order Re 1/17/2012 Joint Discovery Letter, ECF No. 80.

OIG next objects that the investigation materials contain highly sensitive and private information, including the identities of inmates who could be put in danger for their cooperation. 3/19/2012 Joint Discovery Letter, ECF No. 83 at 3. As Plaintiff points out, the court has already ordered that the OIG materials be produced for "attorneys' eyes only" under the Stipulated Protective Order As Modified. *Id.* at 5. This procedure is sufficient to address OIG's safety and

security concerns.

OIG also objects on the grounds that production of the entire investigation file is unnecessarily broad and unduly burdensome. *Id.* at 3. According to OIG, the investigation materials consist of approximately eleven boxes of documents, and include dozens of recorded interviews. *Id.* at 2. The allegations of misconduct involved not only the two defendants in this case, but two other CDCR officers whose personal information would have to be protected. *Id.* Further, because of their confidentiality under state law, OIG asserts that it would be required to copy and redact the material using its own staff; a process which could take weeks due to its limited budget and manpower . *Id.*

Based on the representations of counsel at the April 12, 2012 hearing, OIG has reviewed the summary reports – which summarize the extensive record produced by that investigation, the entirety of which is stored in the aforementioned eleven boxes – generated in the 2008 investigation. It has not reviewed the entire record. Because the court recognizes that releasing the entire investigative record to Plaintiff would place a substantial burden and expense on OIG and the information contained in that record is likely of limited importance to the narrow categories of excessive force and truth-telling relevant to this case, the court only orders the production of the summary reports.

If after reviewing the summary reports Plaintiff believes a more detailed review of the investigative record would produce relevant information, the parties shall meet and confer to determine the most efficient procedure for making that information available. One possibility would be for OIG to review the eleven boxes and produce only the information relevant to excessive force and truth-telling. At the hearing, Plaintiff's counsel proposed that the entire record be made available for Plaintiff's counsel to review. Regardless, should Plaintiff seek production of information beyond the summary reports, Plaintiff may have to bear the cost. The court declines to rule on these potential issues at this time. Should disputes arise, the parties are welcome to submit them to the court through the joint discovery letter process.

///

///

///

1 ///

2 ///

3 Accordingly, the court **ORDERS** OIG to release the summary reports generated by the 2008 OIG investigation under the Stipulated Protective Order As Modified (Dkt. 58) and, as soon as practicable, produce them to Plaintiff and Defendant for "attorneys' eyes only" review.

This disposes of ECF No. 83.

**IT IS SO ORDERED.**

Dated: April 16, 2012

LAUREL BEELER
United States Magistrate Judge